

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-11890 |
| | ) | |
| v. | ) | |
| | ) | |
| LAW OFFICES OF TERRENCE KENNEDY, | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's motion to compel [113] is denied. Defendant's motion to compel [132] is denied.

## STATEMENT

Before the Court are the litigants' motions to compel discovery. For the following reasons, the motions are denied. Local Rule 37.2, which reads, in its entirety:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

N.D. Ill. L.R. 37.2. "Local Rule 37.2 explicitly requires that the parties meet either face-to-face or on the phone. Letters therefore don't suffice." Slaven v. Great Am. Ins. Co., No. 11 C 7993, 2014 WL 4470723, at *1 (N.D. Ill. Sept. 11, 2014). The purpose of this rule is clear: "To curtail undue delay and expense in the administration of justice." Complying with this rule is not optional and serves an important function for the court. "By requiring parties to confer, Local Rule 37.2 attempts to weed out disputes that can be amicably resolved without judicial intervention, thereby freeing the court's resources for disputes that truly cannot." Physicians Healthsource, Inc. v. A-S Medication Sols., LLC, No. 12 C 05105, 2017 WL 3922175, at *4 (N.D. Ill. Sept. 7, 2017) (citing Chamberlain Grp. v. Lear Corp., No. 05 C 3449, 2010 WL 2836975, at *1 (N.D. Ill. July 15, 2010) ("Each hour needlessly spent on a dispute is an hour squandered.")); see also Chicago Observer,

Inc. v. City of Chicago, 929 F.2d 325, 329 (7th Cir.1991) ("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention.").

The parties have not complied with Local Rule 37.2. In its motion to compel, Defendant refers to an "impasse" with Plaintiff regarding her unwillingness to meet and resolve the discovery issues. Def. M. Compel ¶¶ 13-14. Defendant informs the Court that "[p]ursuant to Local Rule 37.2, on August 21, 2018, Defendant's counsel sent Plaintiff a letter via email [] advising her of all the above-described defects in her answers to interrogatories." Id. ¶ 11. Sending a letter to the opposing party (or opposing counsel) does not comply with Local Rule 37.2. Slaven, 2014 WL 4470723, at *1.

"Courts expect litigators appearing before them to be competent, prepared, reasonable, and cooperative," and not fence with the Court. The Federal Judges' Guide to Discovery, p. 16 (2015). While Defendant claims it tried in good faith to meet with Plaintiff, neither party has included a certificate that they conferred in *good faith*. See Local Rule 37.2; Slaven, 2014 WL 4470723, at *3 (citing Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc., 2007 WL 2736681, 1 (N.D. Ill. 2007)).

In sum, the issues presented in the parties' motions to compel will not be resolved by the Court at this time. Furthermore, the issues presented by the parties are of such a nature that the parties should be capable of resolving a substantial number of them on their own. Because the parties have not complied with Local Rule 37.2 by failing to meet in person or by telephone to confer in good faith, the Court directs the parties to do so. The Court also informs Plaintiff, who is *pro se*, of the resources available to her at the Hibbler Memorial Pro Se Assistance Program in the Clerk's Office on the 20th floor.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 13, 2019