## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PATRICIA CLARK,

      Plaintiff,

        v.

LAW OFFICES OF TERRENCE
KENNEDY JR.,

      Defendant.

No. 15-cv-11890

Judge John F. Kness

## MEMORANDUM OPINION AND ORDER

For over eight years, Plaintiff Patricia Clark worked as a legal assistant for Defendant Law Offices of Terrence Kennedy Jr. Six of those years were relatively unremarkable. But in 2011, the employment relationship soured, leading to a period of professional strife. Plaintiff eventually filed two administrative charges of discrimination in late 2012. Nine months later, Defendant fired Plaintiff, resulting in a third administrative charge (for retaliation). This suit, in which Plaintiff alleges age discrimination, harassment, and retaliation in violation of federal and state law, followed on the last day of 2015.[1]

Many events have come to pass since Plaintiff filed this suit. This Court dismissed Plaintiff's complaint on Defendant's motion, but that ruling was reversed by the Court of Appeals. A full term of discovery ensued; Plaintiff filed at least one

---

[1] The Court has subject matter jurisdiction in this federal-question case under 28 U.S.C. § 1331 and exercises supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

motion to compel and a motion seeking judicial recusal; Defendant filed a motion for summary judgment; and the case was reassigned to a newly-commissioned judge. But at least for now, the case has run its course, and summary judgment in Defendant's favor is warranted.

Plaintiff's complaint rests first on a federal statute, the Age Discrimination in Employment Act, 29 U.S.C. § 621, that applies only to employers who have 20 or more employees for each working day in 20 or more weeks during the relevant year. But the undisputed facts developed during discovery establish that Plaintiff cannot make this showing. Plaintiff's case also rests on a state statute, the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*., that places certain requirements on plaintiffs both to exhaust available administrative remedies and to file any suit within a certain amount of time following resolution of the administrative process. But the facts again are fatal to Plaintiff's case, as the record conclusively shows that Plaintiff both filed her suit too late and failed to exhaust her available administrative remedy. As explained below, because Plaintiff's case faces insuperable barriers, Defendant is entitled to summary judgment.

## I.    BACKGROUND[2]

Plaintiff worked as a legal assistant in Defendant's Chicago law offices from March 9, 2005 to June 20, 2013. (R. 167 ¶ 2.) Beginning in 2011, Plaintiff and her coworkers and supervisors feuded regarding Plaintiff's employment conditions and

---

[2] All facts, and any inferences to be drawn from them, are viewed in the light most favorable to Plaintiff as the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). "R." denotes a citation to the docket.

performance. (*See generally* R. 176 ¶¶ 6-13.) Things got ugly—shouting matches, negative performance reviews, and suspensions ensued. (*Id.*) On September 14, 2012 and October 9, 2012, respectively, Plaintiff filed two complaints alleging age discrimination and retaliation with the Illinois Department of Human Rights, which were cross-filed with the Equal Employment Opportunity Commission. (R. 167 ¶¶ 8-9.) On June 20, 2013, the conflict reached a head, and Defendant fired Plaintiff. (R. 167 ¶ 10.) Seven days later, on June 27, 2013, Plaintiff filed a third IDHR/EEOC complaint. (*Id.* ¶ 11.) Plaintiff contended then, as she does now, that she was the victim of discrimination, retaliation, and harassment on account of her age. (R. 176 ¶¶ 5-15.)

It is unnecessary to provide a complete history of the extensive and acrimonious conflict between Plaintiff and Defendant. This is because Defendant does not, at this stage, challenge the sufficiency of Plaintiff's evidence of discrimination, harassment, and retaliation. Instead, Defendant's motion rests solely on narrow grounds. Specifically, Defendant argues that the undisputed evidence demonstrates: (1) Defendant is exempt from the ADEA because it had less than 20 employees during the relevant time period; and (2) Plaintiff's first and second IHRA claims are time-

barred, and her third is procedurally-barred for failure to exhaust her administrative remedies. (R. 168 at 6-14.)

Regarding the ADEA exemption, Defendant cites payroll records that purportedly show:

| Year | Number of Weeks With More Than 20 Employees |
|------|---------------------------------------------|
| 2011 | 4 |
| 2012 | 16 |
| 2013 | 16 |

(R. 167 ¶¶ 5-7.)[3] Plaintiff argues there is a dispute of fact regarding whether Defendants had more than 20 employees because "the Defendants <u>claimed</u> and submitted evidence that there *were* twenty-one employees *to* the IDHR investigator. . . ." (R. 176 ¶ 23 (emphasis in original).) Plaintiff submits two exhibits to support this argument. (R. 177 at 166, 222.)

As to the IHRA claims, IDHR provided Plaintiff with a notice of dismissal of her first and second charges on October 3, 2013 and October 9, 2013, respectively. (R. 167 ¶ 12.) Plaintiff was notified that she had a right to commence a civil action within 90 days, yet Plaintiff did not file her complaint in this case until December 31, 2015.

---

[3] Defendant submits payroll reports that identify 2 bi-weekly pay periods with 20-plus employees in 2011 and 8 bi-weekly pay periods with 20 or more employees in each 2012 and 2013. (*See* R. 168 at 9-10.) Because the pay periods are bi-weekly, this corresponds with 4 weeks in 2011, and 16 weeks in each 2012 and 2013.

(*Id*.; R. 1.) Plaintiff withdrew her third charge before IDHR entered a disposition. (R. 167 ¶ 13.)

On December 31, 2015, Plaintiff, acting *pro se*, initiated this action for violations of the ADEA and defamation. (R. 1.) Defendant filed a motion to dismiss, which Judge Norgle (to whom the case was then assigned) granted but with leave for Plaintiff to amend. (R. 24.) Plaintiff filed an amended complaint, which Defendant moved to dismiss. Judge Norgle again granted the motion (R. 30) and held that Plaintiff had not plausibly alleged retaliation, discrimination, or defamation. (*Id*.) Judge Norgle also denied Plaintiff leave to file a second amended complaint because the ADEA applies only to employers with more than 20 employees, yet Plaintiff had not plausibly alleged that Defendant had more than 17 employees. (R. 34; R. 67.) Judge Norgle entered a final judgment in Defendant's favor. (R. 68.)

On Plaintiff's appeal, the Seventh Circuit affirmed the dismissal of the defamation claim but reinstated the ADEA claims. (R. 80.) As the Court of Appeals explained, Plaintiff "adequately alleged age discrimination in her discharge, suspension, and work duties" and "stated a plausible retaliation claim as well." *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828-29 (7th Cir. 2017) (nonprecedential disposition). As to the employee numerosity issue, the Court of Appeals held that, because the employee-numerosity requirement "is a non-jurisdictional defense to liability under the ADEA," Plaintiff did not need to allege that Defendant had more than 20 employees *Id*. at 829 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006)).

On remand, Plaintiff appeared through counsel. (R. 84.) Plaintiff's counsel filed a second amended complaint that included two counts: one for retaliation and one for discrimination. (R. 89.) Although presented as a two-count complaint, the second amended complaint alleged that Defendant's retaliatory and discriminatory acts violated both the ADEA and the IHRA. (*Id.* at 11-13.) Defendant filed its answer, which asserted affirmative defenses including "failure to exhaust administrative remedies" and "administrative time bar." (R. 92 at 19.)

On April 3, 2018, fewer than four months after he filed his initial appearance, Plaintiff's counsel moved to withdraw, stating that "the relationship between counsel and client has deteriorated, constructive communication is no longer possible, and the relationship is not capable of repair." (R. 96 ¶ 3.) The Court granted the motion on April 26, 2018. (R. 100.) Plaintiff has prosecuted the action *pro se* since that time.

On May 31, 2018, Plaintiff filed a motion to compel Defendant to produce certain documents and to supplement its interrogatory responses. (R. 104; R. 113 (corrected version).) Defendant filed its own motion to compel Plaintiff to supplement her interrogatory responses. (R. 132.) Judge Norgle then reset the deadline for the close of fact discovery so that it would land two months after the Court ruled on the parties' motions to compel. (R. 131.) After a series of amendments and corrections to the parties' motions and briefing of the issues, Judge Norgle denied both motions to compel for failure to comply with Local Rule 37.2, which requires parties to undertake "good faith attempts to resolve differences" before filing a motion to compel discovery. (R. 140 (citing L.R. 37.2).)

On March 27, 2019, Plaintiff moved for leave to file a third amended complaint that would reinstate her defamation claim. (R. 141.) While the parties briefed that motion, Plaintiff moved to extend the fact discovery deadline. (R. 145.) Judge Norgle declined to extend the deadline. (R. 149.) Plaintiff filed a motion to reconsider that decision (R. 152), which Judge Norgle also denied. (R. 155.) Judge Norgle then denied Plaintiff's motion for leave to file a third amended complaint. (*Id*.) In support of these holdings, the Court explained that granting the motions "would suggest additional discovery in a case already prolonged and contentious. The sheer number of docket entries-l53-spread over four years underscores the need to move this case to a conclusion." (*Id*. at 2.)

Apparently dissatisfied with the Court's denial of her motions to compel, to extend the discovery deadline, and to amend her complaint, Plaintiff asked Judge Norgle to recuse. (R. 156.) Judge Norgle denied the motion, explaining that "Plaintiff's assertions amount to nothing more than expressions of dissatisfaction with the Court's routine efforts at courtroom administration and judicial rulings against her." (R. 172.) On September 3, 2019, Plaintiff filed a "renewed" motion to compel (R. 180), seeking to resuscitate the same motion the Court denied 15 months earlier (that later motion is addressed in this ruling). (R. 104.)

In accordance with the schedule entered by the Court, Defendant moved for summary judgment. (R. 160.) After the completion of briefing (R. 160 (motion for summary judgment); R. 167 (Defendant Rule 56 statement); R. 168 (Defendant memorandum in support); R. 174 (Plaintiff response); R. 183 (Defendant reply)), the

case was reassigned to the initial calendar of Judge Kness, where it remains. (R. 185.) Following oral argument, Defendant's motion is now before the Court for decision.

## II. LEGAL STANDARD

Different standards govern the Court's resolution of the present motions. Plaintiff's "renewed" motion to compel, which the Court construes as a motion for reconsideration, is left to the discretion of the district court. *Chavez Garcia v. United States*, No. 17 C 6136, 2020 WL 1467400, at *1 (N.D. Ill. Mar. 26, 2020) (citing *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991)). But the Court will only grant such a motion for a compelling reason, such as newly discovered evidence or to correct a manifest error of law. *Chavez,* 2020 WL 1467400 at *1.

Summary judgment can be granted only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the " 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (cleaned up).

Because Plaintiff is proceeding *pro se*, her pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (trial courts are "obligated to liberally construe a pro se plaintiff's pleadings"). The Court will not create legal arguments for Plaintiff, but it will address any cogent arguments by Plaintiff that it is able to discern. *Parker*, 845 F.3d at 811; *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

## III. ANALYSIS

### A. <u>Plaintiff's Renewed Motion to Compel</u>

Plaintiff's "renewed" motion to compel is nearly identical in substance to her original, denied, motion to compel. (R. 155.) Plaintiff seeks to compel Defendant to produce its employee handbook and to supplement certain interrogatory responses stating that "investigation continues" into the subjects of inquiry. (R. 113 at 1-2.) As an initial matter, the Court notes that neither the employee handbook nor the interrogatories are relevant to the issues of employee-numerosity or administrative remedies. Accordingly, the disposition of Plaintiff's motion to compel could not have a material effect on the Court's determination of Defendant's motion for summary judgment.

Even on the merits, the motion fails. This Court is bound to adhere to its previous rulings absent a compelling reason to change them. *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 420 (N.D. Ill. 2003) ("The law of the case doctrine requires the court to adhere to previous rulings absent a compelling reason, such as an intervening

change of law or newly discovered evidence, to examine them") (cleaned up). Plaintiff's original motion to compel was denied for failure to comply with Local Rule 37.2. (R. 140.) Yet Plaintiff has not argued, much less shown, that she is now in compliance with that rule. Plaintiff states that she does not trust Defendant or Defendant's attorneys (R. 180 ¶ 4), but that is no excuse for not adhering to the requirement of a conference under the local rules.

Moreover, to the extent Plaintiff's renewed motion raises new issues not identified in her earlier motion to compel, it bears emphasis that the Court previously denied Plaintiff's motion to extend the discovery deadline (which has now elapsed). (R. 149; R. 155.) Plaintiff does not offer a compelling reason why the Court should reopen discovery. Absent such reason, the Court declines to revisit its earlier decisions to deny Plaintiff's motion to compel and to allow discovery to close. *See Minch v. City of Chicago,* 486 F.3d 294, 301 (7th Cir. 2007) ("the law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination").

### B.  Defendant's Motion for Summary Judgment

Plaintiff, who is proceeding *pro se* after parting ways with her counsel, was, as required by Local Rule 56.2, provided with written notice of the consequences of Defendant's motion for summary judgment and the correct procedures for responding to it. (R. 169); *see Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992) (requiring such notice). Plaintiff subsequently stated in open court that she had submitted a Rule

56-compliant statement of facts and response to Defendant's statement of facts. (R. 184 at 7:17-22.) But she has not done so. Plaintiff failed to adequately cite the record or show "that the materials [Defendant] cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). And Plaintiff did not file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B).

Based on Plaintiff's procedural deficiencies, this Court would be within its discretion to enforce the requirements of Local Rule 56.1 and deem Defendant's statements of fact admitted. *See Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) (nonprecedential disposition) ("strictly enforcing Local Rule 56.1 [i]s well within the district court's discretion even though [plaintiff] is a pro se litigant") (citing *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009); Fed. R. Civ. P. 56(e) (where party violates Rule 56(c) the court "may . . . consider the fact undisputed for purposes of the motion")). Given that Defendant's statement of facts establishes that it did not have the ADEA's minimum number of employees during the relevant time period, and that Plaintiff's IHRA claims are procedurally barred, the Court could grant Defendant's motion for summary judgment on this basis alone. *Id*. ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant

summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it").

Despite this, Plaintiff has filed a response brief and set forth certain facts and disputes of fact she believes are material. Plaintiff's brief addresses certain of Defendant's arguments and is not entirely devoid of citations to the record. Moreover, the Court also held oral argument, which allowed Plaintiff to clarify her arguments. Being mindful of Plaintiff's *pro se* status, the need to address any arguments the Court can discern from her pleadings, *Parker*, 845 F.3d at 811, and the Seventh Circuit's admonition that "district judges should accord special attention to pro se litigants faced with summary judgment motions," *Timms*, 953 F.2d at 284 (quoting *Ham v. Smith*, 653 F.2d 628, 630 (D.C. Cir. 1981)), the Court will excuse Plaintiff's procedural faults and assess the motion for summary judgment on the merits.

### 1.    *Plaintiff's ADEA Claims*

The ADEA applies only to employers who have 20 or more employees for at least 20 weeks in the relevant year. 29 U.S.C. §§ 623(a), 630(b). The purpose of this "tiny employer" exemption is "to spare very small firms from the potentially crushing expense of mastering the intricacies of the antidiscrimination laws, establishing procedures to assure compliance, and defending against suits when efforts at compliance fail." *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940 (7th Cir. 1999). Employee-numerosity "is an element of a plaintiff's claim for relief." *Arbaugh*, 546 U.S. at 516. To prevail at this stage, therefore, Defendant must show that there is no

genuine issue of material fact as to this element and that it is entitled to judgment on this basis. *Celotex Corp.*, 477 U.S. at 323–24.

Defendant urges the Court to adopt the "payroll method" to determine whether it had the requisite number of employees during the relevant time period. (R. 168 at 8.) Defendant cites *Walters v. Metro. Educ. Enterprises, Inc.*, 519 U.S. 202 (1997) for the proposition that "the Supreme Court endorsed the payroll method as applied to the definition of 'employer' under Title VII[] and acknowledged that Title VII 'defines 'employer' in precisely the way [the ADEA] does.'" (*Id.* (quoting *Walters*, 519 U.S. at 207).) This is true, although the Supreme Court also clarified that appearance (or nonappearance) on an employer's payroll alone is not always dispositive because "the ultimate touchstone" is "whether an employer has employment relationships" with 20 or more individuals "each working day in 20 or more weeks during the year in question." *Walters*, 519 U.S. at 212.

Under any method, Plaintiff has not presented enough evidence to create a triable issue of fact regarding Defendant's employee count. Plaintiff's only evidence that Defendant had more than 20 employees consists of: (1) a list of 21 employees dated "Sept. 2012" that Defendant submitted to IDHR (R. 177 at 166);[4] and (2) an IDHR investigation report that states that Defendant "indicate[d] that it employed 21 individuals." (*Id.* at 222.) Regarding the list, the fact that Defendant may have had 21 employees in one month in 2012 is not enough for the trier of fact to conclude Defendant had 20 employees "each working day in 20 or more weeks during the year

---

[4] The list includes 22 names, but Terrence Kennedy Jr., Defendant's sole proprietor, is erroneously included on the list as an employee. (*See* R. 183 at 5-6.)

in question." *Walters*, 519 U.S. at 212. And the list does not speak to 2011 or 2013 at all. Moreover, the list is entirely consistent with Defendant's position, as Defendant admits that it had 20 or more employees for 16 weeks in 2012. (R. 167 ¶ 6.)

So too for the investigation report. The statement that Defendant "employed 21 individuals" is included in a section of the report discussing the various ages of Defendant's employees. (R. 177 at 222.) It is, presumably, based on the "Sept. 2012" list. (R. 183 at 5.) To begin, a statement in an IDHR report offered for the truth of the matter asserted likely would not be admissible at trial. *Stolarczyk ex rel. Estate of Stolarczyk v. Senator Int'l Freight Forwarding, LLC*, 376 F. Supp. 2d 834, 838 (N.D. Ill. 2005) (". . . the EEOC charge and notes of the interview with [EEOC investigator] constitute inadmissible hearsay that is not properly considered in the summary judgment analysis.").

Even if it were admissible, the report does not specify the date range to which it applies and is thus too general to defeat summary judgment. *See Ost v. W. Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 440 (7th Cir. 1996) (affirming grant of summary judgment and holding "this level of generality does not suffice" where statement that more than 20 employees worked for defendant did not include precise dates). Beyond the report and the list, Plaintiff presents no other evidence that Defendant meets the employee-numerosity requirement, and summary judgment is proper. *Cf. Kutella v. Venit*, No. 10 C 3204, 2011 WL 2601522, at *5 (N.D. Ill. June 29, 2011) (granting summary judgment where plaintiff "failed to provide evidence

from which a reasonable jury could find that [defendant] employed the requisite number of employees. . . .").

Plaintiff's lack of evidence would support summary judgment on its own. But on top of that, Defendant has presented payroll records—which are almost certainly admissible, *see* Fed. R. Evid. 803(6)—showing that Defendant did not meet the employee-numerosity threshold during the relevant period. (R. 162-7; R. 162-8; R. 162-9.) Plaintiff's allegations range from 2011 to 2013. (R. 89 ¶¶ 14-67.) Defendant submits payroll records that show it had more than 20 employees for only 2 pay periods in 2011, and 8 pay periods in each 2012 and 2013, respectively. (R. 167 ¶¶ 5-7 (citing R. 162-7; R. 162-8; R. 162-9).) The records are bi-weekly, so this translates to 4 weeks in 2011 and 16 weeks in 2012 and 2013, respectively. This is, of course, fewer than the required 20 weeks. *See* 29 U.S.C. §§ 623(a), 630(b).

In response, Plaintiff claims Defendant's evidence includes payroll records for only "16 weeks total [out of 26 pay periods] for 2012 and 2013." (R. 176 ¶ 26.) The Court has reviewed the submitted records, and, contrary to Plaintiff's assertion, all pay periods in 2012 and 2013 are included. (R. 162-7; R. 162-8; R. 162-9.) Despite having access to payroll records for the entire relevant period, Plaintiff does not identify any pay periods (beyond those identified by Defendant) in which Defendant employed more than 20 people. Summary judgment is therefore appropriate. *Mizwicki v. Helwig*, 196 F.3d 828, 831 (7th Cir. 1999) (affirming grant of summary judgment and reiterating importance of using payroll records to show employee-numerosity at summary judgment).

15

One final point requires discussion. Plaintiff argues the *res judicata* effect of the Seventh Circuit's reversal order bars this Court from considering the issue of Defendant's employee count. (R. 176 ¶¶ 23, 33, 36.) Plaintiff's understanding of the effect of the Seventh Circuit's judgment, however, is mistaken. *Res judicata* requires a final judgment on the merits, which the Seventh Circuit's reversal order was not. *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008) ("The applicability of res judicata hinges on three elements" one of which is "a final judgment on the merits").

Nor does any other doctrine (such as law of the case) serve to preclude consideration of the employee-count issue at the summary judgment stage. In reversing the earlier order of dismissal, the Seventh Circuit held that Plaintiff had not pleaded herself out of court by alleging Defendant had fewer than 20 employees. *Clark*, 709 F. App'x at 829 (Plaintiff "does not allege that the law firm employed fewer than 20 people. To the contrary, she attached to her briefing in the district court an employee list that names more than 20 people, and we may consider that filing").

But allegations and a full evidentiary record are different creatures. Contrary to Plaintiff's view, the Court of Appeals did not find—as a fact—that Defendant had more than 20 employees for 20 or more weeks in any calendar year. Nor did the Court of Appeals conclude that the employee list Plaintiff attached to her complaint established a triable issue of fact. On the contrary: all that the Seventh Circuit held was that dismissing Plaintiff's case based on employee-numerosity at the motion to dismiss phase was premature. Following a full period of discovery, that issue is now ripe for decision. *Cf. Silic v. BBS Trucking, Inc.*, No. 12 C 6557, 2013 WL 942207, at

*3 (N.D. Ill. Mar. 11, 2013) ("Whether defendant is considered an employer under Title VII and the ADEA is an issue more properly decided on a motion for summary judgment after the parties have had an opportunity for discovery" rather than on a motion to dismiss). Plaintiff has not created a triable issue of fact with respect to Defendant's employee count; thus, her ADEA claim cannot proceed further.

### 2. *Plaintiff's IHRA Claims*

Having addressed the issue of employee numerosity, the Court turns now to Defendant's contention that summary judgment on Plaintiff's IHRA claims is warranted based on untimeliness and a failure to exhaust administrative remedies. Under Illinois law, plaintiffs can bring an IHRA claim only if they have exhausted available administrative remedies. 775 ILCS 5/8–111(B)(1). To exhaust, plaintiffs must first file a charge with the IDHR and receive a final decision. 775 ILCS 5/7A–102(G)(2).[5] Once the IDHR issues a final decision, the claimant has 90 days to sue. 775 ILCS 5/7A–102(D)(4).

Defendant contends that, because Plaintiff "failed to assert such [IHRA] causes of action within 90 days of receiving the IDHR's right-to-sue letters" (R. 168 at 14), summary judgment is proper as to any IHRA claims supported by Plaintiff's first and second charges. Defendant further argues that any IHRA claim supported by

---

[5] Claimants may also sue if the IDHR fails to issue a final decision within 365 days. In addition, they are entitled to opt out of the IDHR investigation entirely by submitting a written request within 60 days of receiving notice that they have the right to opt out (which the IDHR issues 10 days after the charge is filed). 775 ILCS 5/7A-102(B), (C-1). Neither of these procedures applies to the facts of this case.

Plaintiff's third charge is barred because she failed to exhaust her administrative remedies by withdrawing that charge. (*Id.* at 11.)

Plaintiff does not dispute the pertinent material facts that support Defendant's arguments. Plaintiff does not deny that the IDHR provided her with a notice of dismissal of her first and second charges on October 3, 2013 and October 9, 2013, respectively, that she was notified of the 90-day deadline, or that she waited far more than 90 days (until December 31, 2015) to sue. (R. 167 ¶ 12; R. 1.) As for the third charge, she admits that she withdrew it before the IDHR reached a disposition. (*Id.* ¶ 13; R. 176 ¶¶ 3, 22.)

Rather than asserting that there is a triable issue of fact, Plaintiff instead contends that "all three IDHR claims were cross-referenced with EEOC," which adopted the IDHR findings regarding the first and second charges on September 29, 2015. (R. 176 ¶ 3; R. 167 ¶¶ 12-13.) Although Plaintiff's point is not entirely clear, the Court interprets Plaintiff's argument to mean that the IDHR right-to-sue deadline was tolled pending EEOC's disposition of her case.

Plaintiff's understanding of the law is mistaken. The IHRA, together with "the rules and regulations of the IDHR and the Human Rights Commission 'establish comprehensive administrative procedures governing the disposition of alleged civil rights violations.' " *Hankins v. Best Buy Co.*, No. 10-cv-04508, 2011 WL 6016233, at *6 (N.D. Ill. Dec. 2, 2011) (quoting *Blount v. Stroud*, 904 N.E.2d 1, 7 (Ill. 2009)). Under these procedures, the 90-day time limit is tolled by an EEOC charge only "[i]f the EEOC is the governmental agency designated to investigate the charge first." 775

ILCS 5/7A–102(A-1)(1); *Moultrie v. Penn Aluminum Int'l, LLC*, No. 11-CV-500-DRH, 2012 WL 3113914, at *3 (S.D. Ill. July 31, 2012) (rejecting argument that IHRA 90-day limitations period did not start running until EEOC investigation was complete where plaintiff did not allege EEOC was "designated to investigate the charge first"); *cf. Perkins v. Fed. Home Loan Bank of Chicago*, No. 18 C 06418, 2019 WL 4958237, at *3 (N.D. Ill. Oct. 8, 2019) (filing IDHR charge does not toll 90-day window for filing federal claim following EEOC disposition); *Alerquin v. Gen. Fire Extinguisher Corp.*, No. 94-cv-05991, 1995 WL 59230, at *4 (N.D. Ill. Feb. 10, 1995) (filing deadlines for federal claims are not tolled due to ongoing investigation by the IDHR).

In this case, EEOC was not designated to investigate Plaintiff's claim first. On the contrary, IDHR investigated Plaintiff's claim first, and then EEOC adopted its findings. (R. 89 Exs. D, E; R. 162-15; R. 162-16; R. 177 Ex. 21.) Because no other statutory provision supports tolling, the IDHR 90-day deadline was not tolled, and any claims supported by Plaintiff's first and second IDHR charges are time-barred. *See Hankins*, 2011 WL 6016233, at *6 ("the fact that [plaintiff] received a right to sue notice from the EEOC does not establish that he may bring suit under the IHRA").

As to the withdrawn charge, Plaintiff contends that she withdrew her third charge "*because* [she] firmly believed that Defendant[] and [the] IDHR Investigator . . . [we]re guilty of acts of malfeasance" and that they "colluded." (R. 176 ¶¶ 3-4 (emphasis in original).) Specifically, Plaintiff alleges that the IDHR mishandled her first two charges, that documents went missing during those

investigations, and that IDHR neglected to interview certain key witnesses. (*Id.*) Plaintiff therefore concludes that the "IDHR investigation for IDHR Claim #3 would [have] be[en] skewed. . . ." (R. 176 at 5.)

Plaintiff's proffered justifications do not forgive her procedural misstep. As Defendant points out, the IHRA provides Plaintiff with an avenue for challenging the IDHR's investigatory process. (R. 183 at 12 (citing 775 ILCS 5/7A-102(D)(3) (complainant may request that the Illinois Human Rights Commission review the dismissal)).) That Plaintiff subjectively believes the IDHR proceedings would have been futile is immaterial. *See Ocampo v. Remedial Envtl. Manpower, Inc.*, No. 13-cv-06283, 2014 WL 2893190, at *5 (N.D. Ill. June 26, 2014) (rejecting futility argument and explaining that "[i]f [plaintiff] desired to proceed in this Court on her IHRA claims, she should not have voluntarily dismissed the charges filed with the IDHR").

At bottom, the choices Plaintiff made—to withdraw one charge and to delay filing suit based on the other two—may have been unwise. But they were her choices, freely made; and they now bind Plaintiff to a result commanded by law. Because Plaintiff's lawsuit is untimely on two of her IDHR charges, and she did not properly exhaust her administrative remedies as to the third. Accordingly, Plaintiff's IHRA claims cannot survive summary judgment.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's renewed motion to compel is denied. Defendant's motion for summary judgment is granted. If Plaintiff wishes to appeal, she must file a notice of appeal with this Court within thirty days of the entry of

judgment, *see* Fed. R. App. P. 4(a)(1), and must pay the $505 appellate filing fee.

*Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998).

SO ORDERED in No. 15-cv-11890.

Date: January 29, 2021

JOHN F. KNESS
United States District Judge